HAYES v HAYES

Docket No. 171914. Submitted February 7, 1995, at Lansing. Decided
March 20, 1995, at 9:35 A.M.

Catherine L. Hayes obtained a divorce from Michael D. Hayes in
the Oakland Circuit Court. Legal and physical custody of the
couple's three minor children was awarded to the plaintiff. The
defendant subsequently filed an emergency petition for protec-
tion of the children from suspected abuse by the plaintiff's
boyfriend, and the court, Jessica R. Cooper, J., awarded tempo-
rary physical custody of the children to the defendant. The
court later amended the custody order to grant the parties joint
physical custody. After a hearing and upon the recommenda-
tion of the friend of the court, the court awarded physical
custody to the plaintiff. After another hearing, the court
awarded physical custody to the defendant. The plaintiff ap-
pealed.

The Court of Appeals held:

1. Repeated changes in the children's physical custody and
uncertainty with regard to custody because of the custody trial
served to destroy an established custodial environment with the
plaintiff. Accordingly, the trial court did not err in determining
that there was no established custodial environment and that
custody could be shifted to the defendant upon a preponderance
of the evidence indicating that it would be in the children's
best interest to award custody to the defendant.

2. The trial court's findings of fact were not against the great
weight of the evidence, it did not commit clear legal error in
assessing the statutory best interest factors, and it did not
abuse its discretion in awarding physical custody to the defen-
dant.

Affirmed.

1. DIVORCE — CHILD CUSTODY — ESTABLISHED CUSTODIAL ENVIRON-
MENT.

Where an established custodial environment exists, custody may

REFERENCES

Am Jur 2d, Appeal and Error §§ 772, 820, 868; Divorce and Separa-
tion §§ 974, 1010, 1011; Infants §§ 43, 57.
See ALR Index under Custody and Support of Children.

not be changed unless there is clear and convincing evidence that a change of custody is in the child's best interest; where an established custodial environment does not exist, custody may be changed when a preponderance of the evidence indicates that a change of custody is in the child's best interest.

2. DIVORCE — CHILD CUSTODY — ESTABLISHED CUSTODIAL ENVIRONMENT.

A previously established custodial environment is destroyed and the establishment of a new one is precluded during a period when there are repeated changes in a child's physical custody and there is uncertainty with regard to custody because of an upcoming child custody trial.

3. DIVORCE — CHILD CUSTODY — STANDARDS OF REVIEW.

In an appeal of a child custody case, findings of fact are reviewed under the "great weight of the evidence" standard, discretionary rulings are reviewed for abuse of discretion, and questions of law are reviewed for clear legal error (MCL 722.28; MSA 25.312[8]).

Oakland Livingston Legal Aid (by *Paula M. Zimmer*), for the plaintiff.

*James N. Renfroe*, for the defendant.

Before: FITZGERALD, P.J., and TAYLOR and MARKMAN, JJ.

TAYLOR, J. Plaintiff appeals as of right the trial court's order awarding physical custody of the parties' three minor children, Ronald Christopher, Kevin Michael, and Cody James, to defendant. We affirm.

This postjudgment proceeding followed a consent judgment of divorce granted on October 14, 1987, which awarded both legal and physical custody of the couple's three minor children to plaintiff. Defendant filed an emergency petition for protection of the children and was awarded temporary physical custody on July 30, 1992. The filing of the emergency petition was prompted by concerns that

plaintiff's live-in boyfriend had sexually abused the children. On December 23, 1992, the court amended the order, granting joint physical custody to both parties with liberal visitation to each parent. After an evidentiary hearing, the friend of the court referee recommended granting plaintiff physical custody and the circuit court adopted this recommendation in an order dated June 29, 1993. Defendant sought review de novo. Following an evidentiary hearing, the court reversed its June 29, 1993, order and awarded physical custody to defendant in a written opinion and order dated December 30, 1993.

Plaintiff argues that the trial court erred in finding that the June 30, 1992, temporary protective order granting defendant custody of the three minor children destroyed the established custodial environment plaintiff had with the children. As a result, plaintiff argues, the trial court improperly applied the preponderance of evidence standard, rather than the more stringent clear and convincing evidence standard in determining whether a change in custody was warranted. We disagree.

While clear and convincing evidence must be presented to change custody if an established custodial environment exists, if no custodial environment exists, the trial court may modify a custody order if the petitioning party can convince the court by a preponderance of evidence that it should grant a custody change. *Mann v Mann,* 190 Mich App 526, 531; 476 NW2d 439 (1991). Thus, the first step in considering a petition to change custody is to determine whether an established custodial environment exists; it is only then that the court can determine what burden of proof must be applied. *Wealton v Wealton,* 120 Mich App 406, 410; 327 NW2d 493 (1982).

Whether an established custodial environment

exists is a question of fact for the trial court to resolve on the basis of statutory criteria. *Blaskowski v Blaskowski,* 115 Mich App 1, 6; 320 NW2d 268 (1982). The trial court's custody order is irrelevant to this analysis. *Id.* Rather, the focus is on the circumstances surrounding the care of the children in the time preceding trial, not the reasons behind the existence of a custodial environment. *Schwiesow v Schwiesow,* 159 Mich App 548, 557; 406 NW2d 878 (1987).

Where there are repeated changes in physical custody and there is uncertainty created by an upcoming custody trial, a previously established custodial environment is destroyed and the establishment of a new one is precluded. *Bowers v Bowers,* 198 Mich App 320, 326; 497 NW2d 602 (1993). In light of the changes in physical custody and uncertainty created by the impending custody trial, any previously established custodial environment with plaintiff was destroyed. *Id.* Thus, the trial court did not err in concluding that there was no established custodial environment. Accordingly, the change in custody was justified if supported by a preponderance of the evidence. *Mann, supra.*

We find no merit in plaintiff's argument that the trial court's finding of no custodial environment was erroneous because the court originally granted defendant temporary custody without first conducting a complete evidentiary hearing. The trial court's order is irrelevant to the existence or establishment of a custodial environment. *Blaskowski, supra.* In determining whether an established custodial environment exists, it makes no difference whether that environment was created by a court order, without a court order, in violation of a court order, or by a court order that was subsequently reversed. *Id.* Thus, an error by the court in granting defendant temporary custody of the children pending the permanent custody trial

would not affect the trial court's analysis of whether an established custodial environment existed.

Plaintiff further argues that the trial court's conclusion, that awarding custody to defendant was in the best interest of the children, was against the great weight of the evidence. Again, we disagree.

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. [MCL 722.28; MSA 25.312(8).]

In reviewing child custody cases, appellate courts must apply three different standards of review to three distinct types of findings. *Fletcher v Fletcher*, 447 Mich 871, 877; 526 NW2d 889 (1994). Findings of fact are reviewed under the great weight standard, discretionary rulings are reviewed for an abuse of discretion, and questions of law are reviewed for clear legal error. *Id.*

Having reviewed the record in this matter, we conclude that the trial court's findings of fact were supported by the great weight of the evidence. Furthermore, the trial court did not commit clear legal error in analyzing the statutory best interest factors. Accordingly, the court's determination that the analysis of the statutory best interest factors supports the award of custody to defendant did not constitute an abuse of discretion. We affirm the trial court's decision granting defendant custody.

Finally, after reviewing this matter, we find that plaintiff has failed to support her argument that the trial judge was prejudiced against her.

Affirmed.