# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERTA SKIVER PEARCE, f/k/a ROBERTA SKIVER VALENTE,

Plaintiff-Appellee,

v

JAMES JOSEPH VALENTE,

Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 318819
Genesee Circuit Court
LC No. 05-258969-DM

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

BECKERING, P.J. (*concurring*).

I concur in the result of the majority opinion. However, I write separately to briefly expand the analysis on some of the issues raised.

## I. STANDARD OF REVIEW

"Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010). Under the great weight of the evidence standard, this Court will not disturb the finding of the trial court unless the evidence clearly preponderates in the opposite direction. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

## II. CHANGE IN PARENTING TIME

Defendant contends that the trial court erred in finding proper cause or a change of circumstances to warrant revisiting the previous parenting time order between the parties.[1] He

---

[1] This was the October 3, 2012 order restoring the parenting time schedule originally entered in the judgment of divorce. Despite defendant's contention that this Court should look to other orders, the October 3, 2012 order regarding parenting time was the order that was altered by the trial court's ruling in the instant matter.

also contends that the trial court erred in finding that the change did not upset the child's established custodial environment.

A party seeking to modify or amend a previous judgment or order affecting child custody must demonstrate that "proper cause" or a "change of circumstances" exists to justify the proposed change. MCL 722.27(1)(c). "A modification of such a judgment or order is only permissible when it is in the minor child's best interests." *Shade*, 291 Mich App at 23. The terms "proper cause" or "change of circumstances" have been construed to mean different things, depending on whether the proposed modification changes the child's established custodial environment or amounts to a mere adjustment in parenting time. *Id.* at 28-29. See also *Rains v Rains*, 301 Mich App 313, 340; 836 NW2d 709 (2013). When the proposed modification in parenting time also modifies custody, the more demanding definitions of "proper cause"[2] or "change of circumstances"[3] set forth in *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003), apply. *Shade*, 291 Mich App at 26-27. However, "[w]hen a parenting-time modification does not change the established custodial environment, 'a more expansive definition of 'proper cause' or 'change in circumstances' is appropriate . . . .' " *Rains*, 301 Mich App at 340, quoting *Shade*, 291 Mich App at 28. Under this more expansive definition, normal life changes that would not otherwise amount to a change of circumstances under *Vodvarka* may be sufficient to establish a change of circumstances to warrant modifying an existing parenting-time order. *Shade*, 291 Mich App at 30-31.

---

[2] In *Vodvarka v Grasmeyer*, 259 Mich App 499, 512; 675 NW2d 847 (2003), this Court explained that in order to establish the requisite "proper cause" for revisiting a custody order:

> a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors.

[3] A "change of circumstances" under *Vodvarka*, 259 Mich App at 531-514:

> must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors.

The trial court found that KV's diagnosis with ADHD amounted to a change of circumstances sufficient to warrant modifying the existing parenting-time order. It also found that there was no established custodial environment with either parent.[4] The trial court's finding was based on what it found to be a lack of stability and consistency. That finding stemmed from the parties' voluntary decision to change the custody schedule, then revert back to the schedule set forth in the judgment of divorce, as well as defendant's living in rental homes and rebuilding a new home, and plaintiff's re-marriage. The trial court also noted that KV expressed anxiety about parenting time changes to Dr. Elizabeth Rose, and that she was unsure about what home she was going to be in and that she was upset by plaintiff and defendant's frequent arguments.

## A. ESTABLISHED CUSTODIAL ENVIRONMENT

"An established custodial environment exists 'if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort.' " *Bowers v Bowers*, 198 Mich App 320, 325; 497 NW2d 602 (1993), quoting MCL 722.27(1)(c). A child can have an established custodial environment with one parent, both parents, or neither parent. See *Foskett v Foskett*, 247 Mich App 1, 6-7; 634 NW2d 363 (2001). Instability, uncertainty, and repeated changes can lead to a finding of no established custodial environment with either parent. *Rains*, 301 Mich App at 333. See also *Hayes v Hayes*, 209 Mich App 385, 388; 532 NW2d 190 (1995); *Bowers*, 198 Mich App at 327. A custody order in and of itself is not sufficient to create an established custodial environment. *Baker v Baker*, 411 Mich 567, 579; 309 NW2d 532 (1981). The trial court's finding that there was no established custodial environment with either party was not against the great weight of the evidence. As noted by the trial court, there was uncertainty with regard to the child's living situation. The parties adhered to one custody schedule in the judgment of divorce, voluntarily adopted another schedule, and then, after instituting legal proceedings, went back to the schedule set in the judgment of divorce. According to Dr. Rose, this triggered anxiety and confusion in KV. KV requested that the parties tell her about the schedule ahead of time and asked them to put the schedule on a calendar so that she could know when she was to switch houses. Furthermore, the record reveals that plaintiff and defendant had a contentious relationship, marked by numerous legal proceedings involving the child's custody and parenting time. According to Dr. Rose, this caused more anxiety in KV. This Court has recognized that uncertainty caused by an impending decision regarding custody or parenting time can destroy a previously-established custodial environment. See *Hayes*, 209 Mich App at 388. Given the uncertainty and changing parenting time schedules, the trial court's finding was not against the great weight of the evidence. See *Rains*, 301 Mich App at 333; *Bowers*, 198 Mich App at 327.

---

[4] The court noted, however, that it "could justly conclude that mother has the established custodial environment because the child looks to her for all essential care and emotional support." Yet, the trial court declined to find an established custodial environment.

## B. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

Because the proposed modification in parenting time would not amount to a change in the established custodial environment, the more expansive definition of "proper cause" or "change of circumstances" set forth in *Shade*, 291 Mich App at 28, applied. "In order to modify a parenting-time schedule, if the modification would not constitute a change in an established custodial environment, the party proposing the change must show by a preponderance of the evidence that the change is in the child's best interests." *Rains*, 301 Mich App at 340.

The trial court stated that KV's diagnosis of ADHD was sufficient to establish proper cause or a change of circumstances such that modification of the existing parenting-time scheduled was warranted. Although the child's diagnosis with ADHD is a medical issue, which is ordinarily a concern addressed by the child's legal custody and not parenting time, the record nevertheless revealed that KV's ADHD, as well as her anxiety about parenting time, was causing the child difficulty. In addition, it was readily apparent from the trial court's written opinion and order that KV's best interests were of paramount importance to its decision to modify parenting time, and that the trial court's decision was driven by the instability in KV's life and the need for a more stable, predictable arrangement. This Court has found that, even when a trial court fails to explicitly identify proper cause or a change of circumstances before modifying a custody order, it will nevertheless affirm the order of the trial court where it was apparent that the trial court's decision was in the best interests of the child and that proper cause or a change of circumstances existed. See *Rains*, 301 Mich App at 341-342. Here, given the instability noted above, I decline to find that the trial court erred in its decision. See *id.* at 342.

## III. JOINT PHYSICAL CUSTODY

I also find no merit to defendant's contention that the trial court's change in parenting time was so drastic that it contravened the parties' agreement that they would continue to share joint physical custody of KV.[5]

Contrary to defendant's contentions, "[j]oint custody does not necessitate a 50/50 split of the children's time between each parent." *Diez v Davey*, __ Mich App __; __ NW2d __ (Docket No. 318910, issued October 23, 2014), slip op at 12. As a panel of this Court recently explained in *Diez*:

> To the extent [the father] challenges the trial court's award of parenting time as a deviation of what it means to have "joint custody," he is mistaken in his understanding of "joint custody." Joint custody does not necessitate a 50/50 split of the children's time between each parent. Rather, pursuant to MCL 722.26a(7)(a), "joint custody," in terms of physical custody, is defined as an order

---

[5] On September 9, 2013, before the trial court entered its custody decision, the parties stipulated to continuing to share joint physical custody of the child.

of the court in which it is specified that "the child shall reside alternately for specific periods with each of the parents." No specific schedule is required; instead, the focus is on the best interest of the children, and parenting time must be granted "in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time." MCL 722.27a. The Michigan Parenting Time Guideline recognizes that there are myriad parenting time arrangements available depending on what will serve the bests interests of the children. [*Id.*]

In *Diez*, a parenting time schedule that afforded the plaintiff with 122 days of parenting time—or roughly one third of each year—provided him with ample time to promote a strong relationship with his children, and was sufficient to constitute joint physical custody. *Id.*

Here, the trial court's parenting time order was, consistent with MCL 722.26a(7)(a), a schedule pursuant to which the child resided alternatively for specific periods of time with each parent. The trial court's determination was specifically geared toward reducing KV's anxiety and achieving stability for her during the school year, and although defendant's parenting time was reduced under the trial court's new parenting-time order, he nevertheless has parenting time spanning approximately 28% of the calendar year. While it may not be as much parenting time as defendant would prefer, it provides him time to "promote a strong relationship" with his child, and can be considered joint physical custody. See MCL 722.27a; *Diez*, slip op at 12.

## IV. BEST INTEREST FACTORS UNDER MCL 722.23

Lastly, while I agree with the majority's conclusion on the best-interest factors, I write separately to address one factor in particular, MCL 722.23(*i*).

"The child's best interests govern a court's decision regarding parenting time." *Shade*, 291 Mich App at 31. See also MCL 722.27a(1). In making its best-interests determination, the trial court relied on the factors set forth in MCL 722.23, which provides factors that are to be considered in a custody determination. Among other factors with which defendant takes issue, he argues that the trial court erred by failing to consider, under MCL 722.23(*i*), the reasonable preference of the child. In regard to this factor, the trial court explained that "[n]either party requested a child interview. This factor will not be considered."

In *Shade,* 291 Mich App at 31-32, this Court explained that, in the context of a parenting-time decision, the best interest factors set forth in MCL 722.23 are relevant, but the trial court need not explicitly address the factors because they are factors to be considered in custody determinations. Moreover, this Court explained that while "[c]ustody decisions require findings under all of the best interest factors" "parenting time decisions may be made with findings on only the contested issues." Here, where neither party requested that the child be interviewed, it

-5-

cannot be said that the child's preference was a "contested issue" that required a finding by the trial court. I decline to find error as asserted by defendant.[6]

/s/ Jane M. Beckering

---

[6] I note this Court's holding in *Kubicki v Sharpe*, 306 Mich App 525, 544-545; 858 NW2d 57 (2014), in which the panel, in the context of a custody determination, found that the trial court erred by failing to consider the child's preference, in spite of the fact that the parties agreed that the child need not be interviewed by the trial court. This Court reasoned that the trial court was required to consider all of the best-interest factors, including the child's preference, given that the child was old enough to express a preference. *Id.* This Court found the trial court's failure to consider the child's preference required remand. Here, however, given that this case only involved parenting time, not a custody decision, I find *Kubicki* inapposite. See *Shade*, 291 Mich App at 31-32 (explaining that a parenting-time decision only requires findings of fact on contested issues, as opposed to a custody determination, which requires findings on all of the best interest factors).