# STATE OF MICHIGAN

# COURT OF APPEALS

BETHANY VI SHERMAN,

Plaintiff-Appellant,

v

JAY EDWARD SHERMAN, JR.,

Defendant-Appellee.

UNPUBLISHED
October 6, 2016

No. 331622
Eaton County Circuit Court
LC No. 15-000223-DM

Before: RIORDAN, P.J., and METER and OWENS, JJ.

PER CURIAM.

Plaintiff appeals as of right from a divorce judgment, challenging the award of joint physical custody of the parties' two minor children, born in 2009 and 2010, to plaintiff and defendant. The trial court determined that there was an established custodial environment in plaintiff's and defendant's individual households and thus applied a clear-and-convincing-evidence standard when determining whether there should be a change in physical custody. We affirm.

Two issues are raised on appeal. First, plaintiff contends that the evidence at trial established that there was an established custodial environment only with plaintiff, and not with plaintiff and defendant. Second, plaintiff claims that the trial court erred in failing to apply a preponderance-of-the-evidence standard when determining whether the children's best interests required a change of physical custody. We disagree.

As noted in MCL 722.28, all orders and judgments of the circuit court concerning custody of children "shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." See also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). The great-weight-of-the-evidence standard applies to all findings of fact, including the existence of an established custodial environment, and this Court should affirm unless the evidence clearly preponderates in the opposite direction. *Id*.; *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009); *Hayes v Hayes*, 209 Mich App 385, 387-388; 532 NW2d 190 (1995).

A trial court must determine whether there is an established custodial environment with either or both parents before entering an initial custody order or amending an existing order. MCL 722.27(1)(c); *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). A custodial

-1-

environment is established if, over an appreciable time, "the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered." MCL 722.27(1)(c). The trial court must examine the underlying facts, looking to the actual circumstances regardless of the wording of prior orders, and apply the statutory definition when making its determination. *Hayes*, 209 Mich App at 387-389.

The trial court's finding that the children had an established custodial environment with plaintiff and defendant was not against the great weight of the evidence.

By way of background, the record shows that the parties resided together in the marital home for several years and both were involved in rearing their children. Before the breakdown of the marriage, defendant and plaintiff were level-headed and shared in the responsibility of raising the children, and there was a bond of love and affection between the children and each parent. In the spring of 2014, plaintiff engaged in an emotional affair with a coworker, which appears to have had a markedly negative impact on defendant. He began to drink heavily, was verbally aggressive towards plaintiff, threatened to commit suicide, and at one point put a pistol to his head in front of plaintiff. Moreover, in January 2015, he was charged with driving while under the influence of alcohol and on April 9, 2015, he pleaded guilty to operating a vehicle while impaired. Defendant got drunk in May 2015, which was a bond violation, but had since stopped drinking and was participating in breathalyzer testing.

In March 2015, plaintiff moved out of the marital home and filed for divorce; she claimed that defendant's drinking issue had led to a communication breakdown. Defendant remained in the marital home and the parties consented to joint legal and physical custody of the children. Defendant began counseling after plaintiff filed for divorce. He testified that counseling had helped him to regain control of his emotions following the natural tumult of divorce.

The children resided with plaintiff and defendant on alternating weeks. It is true that defendant agreed that plaintiff should temporarily have sole physical custody from May 30 to June 29, 2015, after his bond violation, because it was uncertain at that time if he would be serving time in jail and be unable to parent the children. However, it is clear from the record that the change in custody was intended to be and in fact was temporary. Indeed, the joint physical custody arrangement subsequently resumed.

The evidence at the de novo hearing showed that defendant was no longer drinking alcohol and that that he maintained an active role in caring for the children on alternating weeks. He met with the oldest child's teacher to discuss certain issues. He guided his daughter in how to behave better at school and make friends. Defendant also sought advice on how to help with the child's homework. Although defendant acknowledged that plaintiff was more involved in the children's medical care, he shared in the responsibility of taking the children to appointments. Also, and significantly, defendant took corrective measures regarding the unsanitary conditions in the home caused by his untrained dog; he re-homed the dog.

Amanda Daft, plaintiff's aunt, resided with defendant from June to mid-October in 2015. Although she took issue with the conditions of defendant's home largely related to the dog, she admitted that the house was acceptable until defendant acquired the dog. Moreover, she had observed defendant in his home with the children and described the interactions as "[t]ypical family like." She said he was aware of the children's whereabouts, she did not observe that the children's clothing was inappropriate or defective and noted that defendant periodically did the children's laundry, and she noted that defendant would drive the children to daycare in the mornings and pick them up in the evenings. She said that the children were fed and were bathed regularly, and that defendant and the children had an evening routine. She did not observe defendant using tobacco or alcohol and opined that the children and defendant loved each other.

The evidence supported the trial court's findings that the children looked to both plaintiff and defendant for love, affection, guidance, and the necessities of life. The trial court properly concluded that each parent had appropriately parented the children on an alternative weekly basis and thus properly determined that there was a joint established custodial environment. The trial court's finding that the children had an established custodial environment with plaintiff and defendant was not against the great weight of the evidence.

Plaintiff also argues that the trial court legally erred by failing to weigh the best-interests factors using a preponderance-of-the-evidence standard. However, given that the trial court properly found that an established custodial environment existed with plaintiff and defendant, the trial court used the appropriate clear-and-convincing-evidence standard in determining whether a change in physical custody was warranted. MCL 722.27(1)(c). *Hunter*, 484 Mich at 259. A joint established custodial environment may not be disrupted by either parent absent clear and convincing evidence. *Powery v Wells*, 278 Mich App 526, 529; 752 NW2d 47 (2008). Significantly, plaintiff does not argue that there was clear and convincing evidence to support a change of custody, but only that a preponderance-of-the-evidence standard should have been used. She has not established grounds for reversal.

Affirmed.

/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Donald S. Owens

-3-