# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER LYNN DALY, also known as
JENNIFER LYNN WARD,

      Plaintiff-Appellant,

v

MATTHEW HUBERT WARD,

      Defendant-Appellee.

UNPUBLISHED
April 18, 2017

No. 333425
Jackson Circuit Court
LC No. 14-000401-DM

Before: RONAYNE KRAUSE, P. J., and O'CONNELL and METER, JJ.

RONAYNE KRAUSE, J. (*concurring*).

I respectfully concur in the result reached by the majority because I believe I have no choice under the present state of the law. I write separately because I conclude that plaintiff's due process rights were violated, whether or not the trial court did so intentionally, and I am disturbed that plaintiff appears to have no legal recourse. As an error-correcting court, this Court does not have the power to redraft the law to prevent such a situation from recurring, but I hope that the Legislature or our Supreme Court will agree that it is necessary to do so.

The purpose of the Child Custody Act and the procedures that have developed from it, including the framework set forth in *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003), are to "promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes." *Pierron v Pierron*, 282 Mich App 222, 243; 765 NW2d 345 (2009). "The requirement that a party seeking a change in custody first establish proper cause or change of circumstances emanates from the Child Custody Act." *Vodvarka*, 259 Mich App at 508. "[N]ot changing an established custodial environment without clear and convincing evidence [is] intended to erect a barrier against removal of a child from an established custodial environment." *Id*, at 509, citing *Heid v AAASulewski (After Remand)*, 209 Mich App 587, 593; 532 NW2d 205 (1995) (internal quotations omitted). "An established custodial environment exists if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." *Lieberman v Orr*, __ Mich App __, __; __ NW2d __ (2017) (Docket No. 333816), slip op at p 7, quoting MCL 722.27(1)(c) (internal quotations omitted). The trial court erred in two ways; it did not get to the stage of determining if the requisite burden to change the established custodial environment was met because it did not first examine where the established custodial environment existed prior to the August 10, 2015 ex-parte order.

When seeking to modify a custody order, Michigan law clearly dictates the "requisite standards for showing proper cause or a change in circumstances relative to requests to modify child custody." *Id* slip op at p 7, referencing *Vodvarka*. In this case, the trial judge acknowledged on the record that custody cannot be changed without an evidentiary hearing, and then explained that it was not her intention to change custody through the August 10, 2015 ex-parte order, but rather, to modify parenting time. However, the order entered by the trial court judge on August 10, 2015 was titled "Ex Parte Order Regarding Custody," indicating a clear intention to modify custody through the order. However, regardless of the language used, custody or parenting time, if "a change in the established custodial environment [occurs], then the *Vodvarka* framework is appropriate. *Shade v Wright*, 291 Mich App 17, 27; 805 NW2d 1 (2010).

When reviewing this case, the majority agrees with the lower court that after the improper change of custody, the child had an established custodial environment with Ward, and held that "[i]t makes no difference whether [the established custodial] environment was created by a court order, without a court order, in violation of a court order, or by a court order that was subsequently reversed." *Hayes v Hayes*, 209 Mich App 385, 388; 532 NW2d 190 (1995). While good law, and relevant to the analysis here, it does not get to the real root of the problem in this case. When the trial judge changed custody to Ward through the August 10, 2015 ex-parte order, without first conducting an evidentiary hearing as required by law, and did not subsequently rectify the situation at the August 19, 2015 motion hearing, the judge created circumstances that over time caused the established custodial environment to shift. Courts have, as they should, the right to issue ex-parte orders when the need for them is shown by the petitioning party. However, courts also have an obligation in custody cases to conduct an evidentiary hearing to ensure that any changes to the child's established custodial environment are warranted and in the child's best interest. In this case, there was an unjustifiable delay between the time of the ex-parte order and the evidentiary hearing. So much time had passed between the two that the circumstances evaluated to determine the established custodial environment had changed dramatically, leading the court to make a decision that if it had made directly after the ex-parte order was entered, may have been different. So while under applicable state common law it does not matter how the established custodial environment was created, in this case, Daly's constitutionally protected Due Process rights were violated, resulting in the improper change in custody.

Therefore, I write separately from the majority opinion to point out the serious flaw in the law with hopes that our Supreme Court or legislature can create a remedy for these situations, but agree with the majority's affirmation of the lower court's ruling, as at this point, there is no alternative remedy available under the law.

/s/ Amy Ronayne Krause