# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 13, 2017

155852

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

JENNIFER LYNN DALY, a/k/a
JENNIFER LYNN WARD,
       Plaintiff-Appellant,

v

       SC: 155852
       COA: 333425
       Jackson CC: 14-000401-DM

MATTHEW HUBERT WARD,
       Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the April 18, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

However, we take this opportunity to emphasize how critical it is that trial courts fully comply with MCL 722.27(1)(c) before entering an order that alters a child's established custodial environment.

"The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." *Id*. A court "shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." *Id*. This heightened evidentiary burden for altering a child's established custodial environment recognizes the commonsense proposition that a child benefits from the permanence and stability of an established custodial environment, and therefore that such an environment should not lightly be altered. Importantly, MCL 722.27(1)(c) does not limit this heightened evidentiary burden to orders that expressly alter a child's established custodial environment. Rather, while a trial court has the authority to enter an *ex parte* interim order concerning parenting time, see MCL 722.27a(12), it may not enter such an order if it also alters the child's established custodial environment without first making the findings required by MCL

722.27(1)(c).  E.g., *Powery v Wells*, 278 Mich App 526, 528 (2008); *Brown v Loveman*, 260 Mich App 576, 595 (2004).

An order altering a child's established custodial environment has serious consequences for all the parties involved, as it deprives both the child and one parent of precious time together and alters that parent's evidentiary burdens at any *subsequent* custody hearing.  See *Hayes v Hayes*, 209 Mich App 385, 388-389 (1995)  ("[A]n error by the court in granting defendant temporary custody of the children pending the permanent custody trial [does] not affect the trial court's analysis of whether an established custodial environment existed.").  In many instances, it is difficult – if not altogether impossible – to effectively remedy on appeal, and to restore the *status quo ante*, following an erroneous order altering a child's established custodial environment without causing undue harm to the child.  Thus, to restate, it is critical that trial courts, in the *first* instance, carefully and fully comply with the requirements of MCL 722.27(1)(c) before entering an order that alters a child's established custodial environment.  Any error in this regard may have lasting consequences yet effectively be irreversible.



a1010

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 13, 2017



Clerk