# STATE OF MICHIGAN

# COURT OF APPEALS

JASON ANDREW GRIFFIN,

       Plaintiff-Appellant,

v

REBEKAH MARIE GRIFFIN,

       Defendant-Appellee.

FOR PUBLICATION
January 30, 2018

No. 338810
Ingham Circuit Court
LC No. 12-002812-DM

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

MURPHY, P.J. (*dissenting*).

Because I would affirm the trial court's ruling, I respectfully dissent. I begin my analysis by making some observations. In the situation presented to the trial court on the parties' competing motions to change custody, the following points were inescapable: (1) the minor child needed to begin school; (2) the child could not attend two schools in different states on an alternating bi-weekly custody schedule; (3) it was effectively logistically impossible under the existing custody arrangement to send the child to one specific school unless he were to regularly miss classes two weeks at a time;[1] (4) the best interests of the child necessarily dictated that he go to a particular school and reside with one of his parents during the school year; and therefore (5) the status quo was simply unworkable and its continuation would and could not be in the child's best interests; a change had to occur. Faced with these circumstances, and in the context of the analysis pertaining to the established custodial environment, the trial court essentially had the following two options: (1) enter an order that did not change the established custodial environment and find by a preponderance of the evidence that the child's best interests demanded that he live with one of the parties during the school year; or (2) enter an order changing the established custodial environment and find by clear and convincing evidence that the child's best interests could only be served by awarding either plaintiff or defendant custody of the child during the school year. Whether under the preponderance-of-the-evidence standard or the clear-and-convincing standard, an order was necessary so as to allow the child to reside with one of the parties during the school year and attend school at that location. Any other ruling would be contrary to the child's best interests. In light of these observations, and as explained

---

[1] I note that there is no indication in the record that home schooling was contemplated or possible, jointly or otherwise.

-1-

more fully below, I conclude that the correct result in this case is to affirm the trial court's ultimate ruling. Further, I also believe that the trial court did not err in excluding consideration of defendant's possible future "absence" in 2020 due to her active duty status with the Unites States Coast Guard, where MCL 722.27(1)(c) plainly precludes contemplation of such evidence.

In *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006), this Court observed:

> There are three different standards of review applicable to child custody cases. The trial court's factual findings on matters such as the established custodial environment and the best-interests factors are reviewed under the great weight of the evidence standard and will be affirmed unless the evidence clearly preponderates in the opposite direction. In reviewing the findings, this Court defers to the trial court's determination of credibility. A trial court's discretionary rulings, such as the court's determination on the issue of custody, are reviewed for an abuse of discretion. Further, pursuant to MCL 722.28, questions of law in custody cases are reviewed for clear legal error. [Citations and quotation marks omitted.]

We review de novo issues of statutory construction. *Sinicropi*, 273 Mich App at 155. When interpreting a statute, we are obligated to ascertain the legislative intent, which may reasonably be inferred from the words set forth in the statute. *Id.* at 156. And if a statutory provision is unambiguous, judicial construction is not permitted. *Id.*

MCL 722.27 provides, in relevant part, as follows:

> (1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:
>
> (a) Award the custody of the child to 1 or more of the parties involved or to others . . . .
>
> (b) Provide for reasonable parenting time of the child by the parties involved, by the maternal or paternal grandparents, or by others, by general or specific terms and conditions. . . . .
>
> (c) [M]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances . . . . The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

-2-

In *Pierron v Pierron*, 486 Mich 81, 92-93; 782 NW2d 480 (2010), our Supreme Court explained the workings of MCL 722.27(1)(c):

> To summarize, when considering an important decision affecting the welfare of the child, the trial court must first determine whether the proposed change would modify the established custodial environment of that child. In making this determination, it is the child's standpoint, rather than that of the parents, that is controlling. If the proposed change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests. Under such circumstances, the trial court must consider all the best-interest factors because a case in which the proposed change would modify the custodial environment is essentially a change-of-custody case. On the other hand, if the proposed change would *not* modify the established custodial environment of the child, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests. In addition, under those circumstances, although the trial court must determine whether each of the best-interest factors applies, if a factor does not apply, the trial court need not address it any further. In other words, if a particular best-interest factor is irrelevant to the question at hand, i.e., whether the proposed change is in the best interests of the child, the trial court need not say anything other than that the factor is irrelevant.

"Whether an established custodial environment exists is a question of fact for the trial court to resolve on the basis of statutory criteria." *Hayes v Hayes*, 209 Mich App 385, 387-388; 532 NW2d 190 (1995). And a "trial court's custody order is irrelevant to this analysis." *Id.* at 388. Additionally, in *Berger v Berger*, 277 Mich App 700, 706-707; 747 NW2d 336 (2008), this Court observed:

> An established custodial environment is one of significant duration in which a parent provides care, discipline, love, guidance, and attention that is appropriate to the age and individual needs of the child. It is both a physical and a psychological environment that fosters a relationship between custodian and child and is marked by security, stability, and permanence. The existence of a temporary custody order does not preclude a finding that an established custodial environment exists with the noncustodian or that an established custodial environment does not exist with the custodian. A custodial environment can be established as a result of a temporary custody order, in violation of a custody order, or in the absence of a custody order. An established custodial environment may exist with both parents where a child looks to both the mother and the father for guidance, discipline, the necessities of life, and parental comfort. [Citations omitted.]

MCL 722.27(1)(c) and the caselaw make clear that an established custodial environment is not determined simply on basis of the number of days or overnights a child stays with a parent. An argument can be made that the trial court's ruling did not necessarily change the child's established custodial environment.[2]  In other words, with the court's ruling and from the child's perspective, he may very well still look to both parents for guidance, discipline, the necessities of life, and parental comfort, even with the parenting division between the school year and summer break.  I do acknowledge that this Court has generally ruled that a change in the established custodial environment does occur when the parties go from an even or nearly even division of parenting time to one parent having custody during the school year and the other having custody during the summer break.  *Yachcik v Yachcik*, 319 Mich App 24, 47-48; 900 NW2d 113 (2017); *Brown v Loveman*, 260 Mich App 576, 592; 680 NW2d 432 (2004).

After indicating that there had existed a joint established custodial environment, the court noted that a party must typically establish by clear and convincing evidence that the best-interest factors favor a change in the established custodial environment.  The trial court then stated that where both parties have the same burden "*and a change must be made*, it is appropriate to weigh the factors using a preponderance of the evidence."  (Emphasis added.)  This suggested that the court was indeed finding that granting either party's motion would change the established custodial environment.[3]  The trial court indicated in a footnote that "the nature of the joint custodial environment will change but the parties will still be custodial parents once the modification is made to accommodate the child's schooling."

If the trial court's ultimate decision did not result in a true change of the established custodial environment, the court's application of the preponderance-of-the-evidence standard would be legally sound.  Assuming that there was a change in the established custodial environment and that the clear-and-convincing standard was applicable, I fail to see the need to reverse and remand the case, as any error would be harmless.  MCR 2.613(A); *Rossow v Aranda*, 206 Mich App 456, 458; 522 NW2d 874 (1994).  As noted above, the court itself recognized that a change had to be made, and as indicated in my opening observations, the child's best interests could only be served by altering the existing custody arrangement – sending him to a school where he would miss two weeks of classes for every two weeks attended would be nonsensical and would not be in his best interests as a matter of law.  And considering that the trial court found in favor of defendant on four of the child custody best-interest factors, MCL 722.23, with the remaining factors being even, except for one,[4] the court would be forced again to rule in favor of defendant, even on the clear-and-convincing standard.  Reversal is unwarranted.

---

[2] There is no dispute that there had existed a joint established custodial environment.

[3] I do agree with the majority that when a change of the established custodial environment in fact occurs, the proper burden of proof requires clear and convincing evidence.

[4] I cannot conclude that the trial court erred in its findings on the best-interest factors.

Next, on the evidentiary issue, MCL 722.27(1)(c) provides that "[i]f a motion for change of custody is filed while a parent is active duty, the court shall not consider a parent's absence due to that active duty status in a best interest of the child determination." The only temporal component of this provision relates to a parent being on active duty when a motion for change of custody is filed. The prohibition on considering a parent's absence due to that active duty status is not limited to consideration of a current absence; the language is broad enough to encompass any absence, including a potential future or planned absence. Indeed, it would make little sense to bar consideration of a current absence while allowing consideration of a later absence. The plain and unambiguous language of the statutory provision supports the trial court's ruling on the matter.

In sum, I would affirm the trial court's custody and evidentiary rulings. Accordingly, I respectfully dissent.


/s/ William B. Murphy