*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY JOHN TERPSTRA,

        Plaintiff-Appellant,

v

RACHAEL ELIZABETH TERPSTRA,

        Defendant-Appellee.

UNPUBLISHED
September 8, 2022

No. 360244
Ionia Circuit Court
LC No. 2020-034477-DM

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff-father, Anthony John Terpstra, appeals as of right the trial court's order
establishing a parenting time schedule for the parties' two minor children, OT and TT. Plaintiff
argues that the trial court erred when it failed to determine whether the children had an established
custodial environment (ECE) with plaintiff, and, as a result, the trial court applied the wrong
standard of proof and erred when it determined that the ordered parenting time schedule was in the
best interests of the children. We affirm.

## I. BACKGROUND

The parties were married for 11 years. During their marriage, they had two children, OT
and TT, who were age seven and five respectively, at the time the court entered the order
challenged on appeal. Both children have various medical ailments, including asthma. While the
parties were married, the parties agreed that plaintiff would work outside the home and defendant
would stay at home with the children and be in charge of homeschooling the children. The parties
implemented this arrangement following the births of OT and TT.

Plaintiff filed for divorce in August 2020, and the parties met with the Friend of the Court
to determine an interim custody and parenting time arrangement. In October 2020, the Friend of
the Court recommended that when the parties stopped living in the same house (which was
estimated to be December 1, 2020), plaintiff would have parenting time every other weekend from
Friday at 6:00 p.m. until Monday morning, as well as every Tuesday and Thursday from 5:00 p.m.
to 8:00 p.m. Plaintiff objected to this recommendation, but the parties adhered to this parenting
schedule during the pendency of this case.

Four hearings were held before a referee regarding plaintiff's objection to the interim custody and parenting time order. Plaintiff sought a 50-50 parenting time schedule and said that he would be willing to homeschool the children during his parenting time. Plaintiff asserted that, although he worked full-time, he had the flexibility in his work schedule to homeschool the children. At the time of the hearing, both parties were living at their respective parents' houses, which were about 25 minutes apart. There was testimony at the hearings that the children expressed some anxiety when they were out of defendant's care. Defendant asserted that the children struggled with homeschool on Mondays after returning from a weekend at plaintiff's home.

The referee determined that each parent had an ECE with the children. The referee analyzed each of the best-interest factors and recommended that the parties share joint physical custody of the two children on a week-on, week-off schedule. The referee implied that each parent would be responsible for homeschooling the children during their parenting time.

Defendant objected to the referee's recommendation. Defendant argued that it was not in the children's best interests for the parties to alternate week-on, week-off parenting time because the children had stronger emotional bonds with defendant and because defendant was better able to manage the children's significant medical issues and the children's education. Defendant also characterized the idea that both defendant and plaintiff could take turns homeschooling the children as "nonsensical" and not in the best interests of the children. Further, defendant argued that the children had been enjoying a stable and satisfactory living environment primarily in defendant's custody under the interim order and that the referee's recommendation amounted to a change of custody, for which the referee had failed to make the requisite findings. Defendant sought a parenting schedule in which she continued to homeschool the children full-time. She also sought modifications to the interim custody order, including eliminating the Sunday overnight that plaintiff was awarded under the interim order and limiting plaintiff's weekday parenting time in order to facilitate the homeschool schedule. Plaintiff responded to defendant's objections and argued that joint physical custody was in the best interests of the children and requested that the trial court enter an order adopting the referee's recommended custody and parenting time arrangement.

The trial court held a de novo review hearing. The court concluded that plaintiff's request for 50-50 custody and request to homeschool the children was more about plaintiff's needs and wants than the children's best interests. The trial court ordered that defendant would continue to homeschool the children full-time and that plaintiff would have parenting time every Wednesday from noon until 8:00 p.m., as well as on weekends as follows:

> [A]lternate weekends (generally the first and third weekends of the month) from Friday at 6:00 p.m. to Sunday at 6:00 p.m., and, on the weekend between his alternate weekends (generally, the second weekend of the month), he shall have parenting time with the minor children from Friday at 6:00 p.m. to Saturday at 6:00 p.m.

Plaintiff moved for reconsideration of the trial court's order, arguing that the trial court's custody and parenting time arrangement was not supported by the facts or the law, and he renewed

his request that the parties be awarded a 50-50 split of parenting time. The trial court denied plaintiff's motion for reconsideration.

This appeal followed.

## II. ESTABLISHED CUSTODIAL ENVIRONMENT

Plaintiff first argues that the trial court erred when it did not determine whether plaintiff had an ECE with the children. Plaintiff further argues that he had an ECE with the children, and therefore, the trial court should have used the clear-and-convincing-evidence standard of proof when determining the best interests of the children. We disagree.

Whether an ECE exists is a question of fact. *Mogle v Scriver*, 241 Mich App 192, 197; 614 NW2d 696 (2000). "A trial court's findings regarding the existence of an ECE are reviewed under the 'great weight of the evidence' standard and must be affirmed unless the evidence clearly preponderates in the opposite direction." *Rains v Rains*, 301 Mich App 313, 325; 836 NW2d 709 (2013). This standard of review accords deference to the superior fact-finding ability of the trial court. *Berger v Berger*, 277 Mich App 700, 707; 747 NW2d 336 (2008).

"The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). When determining whether an ECE exists, the trial court must also consider "[t]he age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship . . . ." MCL 722.27(1)(c). "An established custodial environment is one of significant duration in which the relationship between custodian and child is marked by qualities of security, stability, and permanence." *Mogle*, 241 Mich App at 197 (quotation marks and citations omitted). An ECE can exist in more than one home. *Id*. at 197-198.

"A custodial environment can be established as a result of a temporary custody order, in violation of a custody order, or in the absence of a custody order." *Berger*, 277 Mich App at 707. "In determining whether an established custodial environment exists, it makes no difference whether that environment was created by a court order, without a court order, in violation of a court order, or by a court order that was subsequently reversed." *Hayes v Hayes*, 209 Mich App 385, 388; 532 NW2d 190 (1995). "[W]here a trial court fails to make a finding regarding the existence of a custodial environment, this Court will remand for a finding unless there is sufficient information in the record for this Court to make its own determination of this issue by de novo review." *Rittershaus v Rittershaus*, 273 Mich App 462, 471; 730 NW2d 262, 268 (2007) (quotation marks and citations omitted).

In the instant case, the parties agree that both parties, defendant and plaintiff, had an ECE with the children. However, the parties disagree on whether the trial court applied the correct standard of proof to the best-interest factors. Plaintiff argues that the trial court should have applied the clear-and-convincing-evidence standard of proof because the trial court's order altered the ECE the children had with him. Plaintiff argues that the trial court's order should be compared to the custodial environment that existed while the parties lived together. Defendant acknowledges that plaintiff had an ECE with the children, but she argues that the correct standard of proof was a

preponderance of the evidence because the trial court's order did not alter plaintiff's ECE. Defendant argues that the trial court's order should be compared to the custodial environment created in the interim order.

By the time of the trial court's order, custody and parenting time of the children had been governed by the interim order for nearly a year.[1]  Under the guidance of this Court's decisions in *Berger*, 277 Mich App at 707, and *Hayes*, 209 Mich App at 388, the ECE against which the trial court's order should be analyzed is the interim custody order.  Therefore, the trial court's order did not modify plaintiff's ECE because it did not diminish plaintiff's parenting time with the children as it stood under the interim custody order.  Furthermore, plaintiff fails to acknowledge that even when the parties were cohabitating before the divorce action was initiated, the children spent the majority of their ECE with their mother, much like the children in *Pierron v Pierron*, 486 Mich 81, 88-89; 782 NW2d 480 (2010).  The trial court was appropriately mindful that from the children's perspective, any change to their ECE should be minimal.  See *id*. at 89; see also, *Daly v Ward*, 501 Mich 897, 898; 901 NW2d 897 (2017) (wherein our Supreme Court recognized that trial courts must "carefully and fully comply" with the requirements of MCL 722.27(1)(c) as an error can have "lasting consequences" that could be harmful and potentially irreversible).

It is apparent that plaintiff mistakenly expects that since the trial court determined the children have an ECE with each parent, it a priori mandates each parent must have equal time with the children.  That is misguided.  The ECE is the child's right, not that of the parents.  This is evident from the plain language of the Child Custody Act, MCL 722.21 *et seq*., that the ECE analysis involves determining over an appreciable time, who <u>the child</u> naturally looks to for guidance, discipline, the necessities of life, and parental comfort.  MCL 722.27(1)(c).

Thus, since plaintiff, not defendant, sought a parenting time schedule that would alter the ECE, it was plaintiff, not defendant, who bore the burden of proving by clear and convincing evidence that a change of that environment was warranted.  As evidenced below, plaintiff could not and did not sustain his burden.

## III.  BEST INTERESTS OF THE CHILDREN

Next, plaintiff argues that the trial court erred when it determined that the ordered parenting time was in the children's best interests.  Plaintiff argues that the trial court put too much weight into the fact that defendant had been homeschooling the children and had been the primary caretaker of the children during the parties' marriage.  We disagree.

The trial court's findings on each factor regarding the best interests of the child under MCL 722.23 must be affirmed unless the finding is against the great weight of the evidence, i.e., "the evidence clearly preponderates in the opposite direction." *Berger*, 277 Mich App at 705. "[A]

---

[1] The interim order stated that the custody arrangement would take effect when the parties moved out of the marital home, which at that time was anticipated to be December 1, 2020.  Defendant's parents both testified that defendant moved into their home in November 2020.  The trial court's de novo review took place in August 2021.

custody award should be affirmed unless it represents an abuse of discretion." *Fletcher v Fletcher*, 447 Mich 871, 880; 526 NW2d 889 (1994).

> In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. [*Id*. at 879-880 (quotation marks and citations omitted).]

The factors that the trial court must consider when determining the best interests of a child are enumerated in MCL 722.23. This Court has emphasized that this inquiry seeks to determine what is in the *child's* best interests. *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001) ("Above all, custody disputes are to be resolved in the child's best interests."). "A court need not give equal weight to all the factors, but may consider the relative weight of the factors as appropriate to the circumstances." *Sinicropi v Mazurek*, 273 Mich App 149, 184; 729 NW2d 256 (2006).

In the instant case, the trial court found that defendant was a stay-at-home mother during the parties' marriage and was the primary caretaker of the children. The trial court also found that up to that point, defendant had been solely responsible for homeschooling the children. These findings are well supported by the evidence presented at the hearings. Appellant does not appear to challenge the factual findings of the court. Rather, plaintiff challenges the apparent weight the trial court gave to factors (h)—the home, school, and community record of the child—and (*l*)— any other factor considered by the court to be relevant to a particular child custody dispute. The trial court found that factor (h) "overwhelmingly" favored defendant because defendant had homeschooled the children, as agreed upon by plaintiff and defendant. Regarding factor (*l*), the trial court again emphasized that defendant was a stay-at-home mother during the marriage and the primary caretaker of the children. The trial court found that the children being in defendant's care was the children's "normal" activity, and that being separated from defendant was the cause of the anxiety expressed by OT while in plaintiff's care.

The trial court further found that the children had been doing exceptionally well under the homeschooling of defendant. Although plaintiff testified that he would be able to homeschool the children, he had not been involved in their homeschooling. Additionally, plaintiff had a full-time job, and although he testified that he has flexibility in his job, the court was required to assess the best interests of the children—not those of plaintiff. *Eldred*, 246 Mich App at 150.

Given the fact that defendant has been successfully homeschooling the children and the primary caretaker of the children, it was not an abuse of discretion for the trial court to award custody and parenting time as it did, with defendant receiving a majority of the parenting time during the school week, and ordering that the children continue being homeschooled by defendant. Additionally, the trial court's order also provided plaintiff the majority of weekend parenting time to preserve the bond between plaintiff and the children. The trial court's factual findings were not against the great weight of the evidence. Plaintiff has not demonstrated that the trial court erred in the weight that it gave to certain factors and has not demonstrated that the trial court abused its discretion in its custody and parenting time determination.

We affirm.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien