# STATE OF MICHIGAN

# COURT OF APPEALS

MANDY LYNN MAITLAND,

Plaintiff-Appellant,

v

ALEXANDER STEVEN OSTROVICH,

Defendant-Appellee.

UNPUBLISHED
August 23, 2018

No. 342811
Jackson Circuit Court
Family Division
LC No. 14-003336-DS

Before: MURPHY, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

In earlier proceedings, the trial court awarded sole physical custody of the parties' minor child to plaintiff-mother, Mandy Maitland, granted the parties joint legal custody of the child, and awarded limited parenting time to defendant-father, Alexander Ostrovich. Subsequently, defendant filed a motion requesting that the court award sole physical custody of the child to defendant. Following an evidentiary hearing, the trial court changed physical custody of the child to a joint custody arrangement between the parties. Plaintiff appeals as of right that ruling, arguing that the court's findings on certain statutory best-interest factors, MCL 722.23, were against the great weight of the evidence and that clear and convincing evidence did not exist as necessary to change the child's established custodial environment. We disagree and thus affirm.

The parties were not married and only lived together for about six weeks after their daughter was born. On July 1, 2015, the trial court entered an order effectively awarding plaintiff sole physical custody of the child and granting the parties joint legal custody. Defendant was awarded limited parenting time. Following a hearing on April 21, 2016, the trial court modified its order by slightly adjusting defendant's parenting time. Defendant later moved for another change in his parenting time. After an evidentiary hearing, the trial court modified defendant's parenting time on the conditions that he take certain action with respect to the child's medical treatment and that he purchase medical equipment for the child's sleep apnea condition, so as to enable him to care for the child during overnight visits.

The parties later filed various motions, including a motion by defendant to change custody, and the trial court conducted an evidentiary hearing to decide the child custody and parenting-time issues raised by the parties. At the hearing, defendant modified his request, asking for joint physical custody instead of sole or primary physical custody of the child. Relevant here, the trial court stated that because of the "very contentious . . . relationship

-1-

between the parties," "there's been a demonstration of proper cause," thereby satisfying the threshold for changing custody. See MCL 722.27(1)(c) (change of circumstances or proper cause). The trial court also determined that the established custodial environment was with plaintiff; therefore, defendant had the burden to prove by clear and convincing evidence that a change in the established custodial environment was in the best interests of the child. *Id.* Next, examining and weighing the statutory best-interest factors, the trial court found that the parties were even or equal on all of the factors, except that defendant was heavily favored with respect to MCL 722.23(j) ("The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents."). The trial court concluded that there was clear and convincing evidence justifying a change of custody. The trial court ordered that plaintiff and defendant would have joint physical custody of their child, leaving in place the existing award of joint legal custody. Plaintiff now appeals.

Plaintiff contends that the trial court's decision awarding joint physical custody to the parties constituted an abuse of discretion and that the court's evaluation of the best-interest factors was against the great weight of the evidence. She contends that three of the best-interest factors upon which the court found the parties to be equal, MCL 722.23(c), (d), and (e), actually favored plaintiff, that factor (j) did not weigh in favor of defendant, and that a party being favored on just one factor, with all others being equal, simply cannot surmount the elevated evidentiary standard of clear and convincing evidence.

In *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006), this Court, relying primarily on MCL 722.28, addressed the standards of review in child custody cases, observing:

> There are three different standards of review applicable to child custody cases. The trial court's factual findings on matters such as the established custodial environment and the best-interests factors are reviewed under the great weight of the evidence standard and will be affirmed unless the evidence clearly preponderates in the opposite direction. In reviewing the findings, this Court defers to the trial court's determination of credibility. A trial court's discretionary rulings, such as the court's determination on the issue of custody, are reviewed for an abuse of discretion. Further, pursuant to MCL 722.28, questions of law in custody cases are reviewed for clear legal error. [Citations and quotation marks omitted.][1]

---

[1] In the context of a child custody case, an abuse of discretion occurs if the result is so grossly and palpably violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of reason but rather of passion or bias, and not the exercise of judgment but defiance thereof. *Maier v Maier*, 311 Mich App 218, 221; 874 NW2d 725 (2015).

MCL 722.27(1)(c) provides that in a custody dispute, the trial court, for the best interests of the child at the center of the dispute, may "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances." However, the court is not permitted to "modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." *Id.* "These initial steps to changing custody—finding a change of circumstance or proper cause and not changing an established custodial environment without clear and convincing evidence—are intended to erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003) (quotation marks omitted).

Accordingly, the first step in addressing whether to modify a previous child custody order is to determine whether the movant has established proper cause or a change of circumstances, applying a preponderance of the evidence standard. *Id.* at 508-509. Here, the trial court found that proper cause had been demonstrated, allowing the court to revisit the issue concerning custody, and plaintiff does not challenge that ruling on appeal, so we move on with the analysis. Next, as reflected in MCL 722.27(1)(c) and for purposes of setting the proper evidentiary burden, it must be determined whether defendant sought to change the child's established custodial environment. The trial court determined that the established custodial environment was with plaintiff; therefore, defendant had the burden to prove by clear and convincing evidence that a modification of the existing custodial environment was in the best interests of the child. There is no dispute on appeal with respect to the trial court's finding on the established custodial environment and its determination regarding the governing burden of proof.

In *Pierron v Pierron*, 486 Mich 81, 92-93; 782 NW2d 480 (2010), our Supreme Court touched on the next step of the analysis applicable to this case, explaining:

> If the proposed change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests. Under such circumstances, the trial court must consider all *the best-interest factors* because a case in which the proposed change would modify the custodial environment is essentially a change-of-custody case. [Emphasis added.]

The statutory best-interest factors are set forth in MCL 722.23, which provides as follows:

> As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:
>
> (a) The love, affection, and other emotional ties existing between the parties involved and the child.
>
> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

-3-

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. . . . .

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

A trial court must examine all of the best-interest factors, stating its findings and conclusions as to each factor. *Foskett v Foskett*, 247 Mich App 1, 9; 634 NW2d 363 (2001). A trial court does not have to make its custody determination on the basis of a mathematical calculation of the factors; rather, it can properly assign differing weights to the factors when making its determination. *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008); see also *Heid v AAASulewski (After Remand)*, 209 Mich App 587, 594; 532 NW2d 205 (1995) ("we are unwilling to conclude that mathematical equality on the statutory factors *necessarily* amounts to an evidentiary standoff that precludes a party from satisfying the clear and convincing standard of proof"). "[I]f a particular best-interest factor is irrelevant to the question at hand, i.e., whether the proposed change is in the best interests of the child, the trial court need not say anything other than that the factor is irrelevant." *Pierron*, 486 Mich at 93.

In the instant case, the only factors in dispute on appeal are MCL 722.23(c), (d), (e), and (j), the first three upon which the trial court found the parties to be equal, not weighing in either party's favor, with the court finding that factor (j) favored defendant.

We begin with factor (c) ("The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under

the laws of this state in place of medical care, and other material needs."). The record reflected that both parents appropriately provided for the child's food, clothing, and other material needs. Plaintiff, a nurse,[2] argues that she has the greater capacity and disposition to provide for the child's medical care, which was made evident when looking at the history of this case. Plaintiff provided for the child's medical care for her first two years of life and made and attended the child's medical appointments without defendant present. The record, however, revealed that the parties' personal contentiousness resulted in defendant's absences to avoid problems. Further, the record indicated that plaintiff did not want defendant's involvement and to some degree impeded his participation so that she could have total control. Nevertheless, during the last year before the evidentiary hearing, defendant had rectified the situation by working to attend the child's medical appointments and to educate himself in order to better enable him to perform the necessary tasks and care associated with the child's particular medical needs. The trial court properly focused its attention on the period since its last order.

Plaintiff complains about defendant's level of knowledge, skills, and focus necessary to properly attend to the child's medical needs. However, the lawyer-guardian ad litem (GAL) reported that defendant showed her all of the medical equipment that he had for the child and that he demonstrated a solid understanding of how it all operated. The GAL also spoke with the child's sleep apnea doctor, who allayed some of the concerns regarding the use of oxygen. The doctor indicated that the child's sleep apnea was not life-threatening. And GAL reported that defendant's less strict approach than plaintiff's approach to the child's medical care was in compliance with the doctor's orders.

In sum, we cannot conclude that the court's determination that the parties were equal in regard to factor (c) was against the great weight of the evidence, as the evidence did not clearly preponderate in the opposite direction.

We next address factor (d) ("The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity."). "Factor (d) is properly addressed by considering the environments in which the child has lived in the past and the desirability of maintaining the continuity of those environments." *Demski v Petlick*, 309 Mich App 404, 448-449; 873 NW2d 596 (2015).

Plaintiff argues that defendant had not maintained a continuous residence, thereby creating a lack of stability for the child. Plaintiff also contends that the trial court failed to address the desirability of maintaining continuity with plaintiff, with whom the child had primarily lived since her birth. The trial court observed that defendant had moved around a little more than plaintiff, but that there was no testimony suggesting that defendant's residences were unstable or inappropriate. The court believed that both parties could provide a stable and satisfactory environment.

We first note that the child was born in 2014, that defendant had resided in his grandmother's home since 2012, that defendant was still living there at the time of the

_____

[2] We note that defendant was employed by a hospice facility as a care coordinator.

evidentiary hearing, that the GAL had found the grandmother's home to be appropriate, that defendant *planned* to move into his mother's home, given that his grandmother would soon be moving into an assisted living facility, that defendant's mother was a veteran pediatric nurse, that defendant typically exercised his parenting time at his mother's house, and that defendant intended to find his own place to live. Accordingly, defendant's residence during the relevant time period never changed, although he did spend a fair amount of time at his mother's home, which may explain the court's comment about defendant moving around a little. However, the trial court felt that either environment, defendant's mother's or grandmother's home, was stable and satisfactory, and this factual finding was supported by the record.

Plaintiff is correct that the trial court, when directly addressing factor (d), did not discuss the desirability of maintaining continuity with plaintiff. However, the court clearly indicated later in its ruling from the bench that it had many concerns about plaintiff's behavior, which the court viewed as having caused contentiousness between the parties and undermined the father-child relationship. This perspective on the case reflected that the trial court did not believe it to be desirable to maintain the existing custodial environment with plaintiff. Moreover, the modification of custody was from sole physical custody to joint physical custody, not to sole physical custody with the other parent. Therefore, the extent of the change in the child's environment was not as great.

In sum, we cannot conclude that the court's determination that the parties were equal in regard to factor (d) was against the great weight of the evidence, as the evidence did not clearly preponderate in the opposite direction.

We next address factor (e) ("The permanence, as a family unit, of the existing or proposed custodial home or homes."). The trial court found that both parties had familial support by way of a sibling and stepfather in plaintiff's home and the involvement of the child's grandmother and great-grandmother when in defendant's care. Plaintiff argues that the trial court erred in weighing factor (e) by focusing on the acceptability of the competing homes, as opposed to the permanence of the homes. Indeed, acceptability of a home is not pertinent to factor (e); rather, a court must examine the permanence of a home. *Fletcher v Fletcher*, 447 Mich 871, 884-885; 526 NW2d 889 (1994). Factor (e) focuses on "the child's prospects for a stable family environment." *Ireland v Smith*, 451 Mich 457, 465; 547 NW2d 686 (1996). While the trial court may not have employed the most precise nomenclature, the gist of the court's finding, when considering it in conjunction with its comments on factor (d),[3] was that both home environments had provided and would provide stable, permanent family environments for the child. And this finding was not against the great weight of the evidence.

We next turn to factor (j) ("The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents."). There was considerable evidence establishing that plaintiff attempted to prevent defendant from having a close, continuing relationship with the child.

---

[3] Factors (d) and (e) "are phrased somewhat awkwardly, and there is a degree of overlap between them." *Ireland*, 451 Mich at 465.

There was evidence showing that plaintiff sought to exclude defendant from the parental decision-making process. She would make decisions regarding the child's medical care and give defendant notice after the fact. The record indicated that plaintiff did not seek defendant's input or engage in discussions regarding the child's treatment or medical consultations. The record also established that plaintiff improperly denied defendant parenting time and interfered with it on several occasions without providing him make-up parenting time. She also sought to dictate who could accompany defendant when he exercised his parenting time. When he confronted her, plaintiff refused to provide him his parenting time even though she knew that her conduct violated the trial court's order.

The record also indicated that plaintiff generally lacked willingness to facilitate and encourage the child's relationship with defendant. The GAL reported that plaintiff videotaped the child in what appears to have been an effort to collect evidence that she could use against defendant. Further, the record revealed that plaintiff sought an ex parte order to terminate defendant's parenting time because he had a female friend accompany him to pick up the child. The trial court concluded that, during the pendency of this case, plaintiff worked against the father-child relationship every step of the way. The trial court's finding that factor (j) weighed heavily in defendant's favor was not against the great weight of the evidence, as the evidence did not clearly preponderate in the opposite direction.

Finally, plaintiff contends that clear and convincing evidence to modify the child's established custodial environment did not exist, where defendant was favored over plaintiff on only one statutory factor, all others being equal. We disagree. As stated earlier, a court does not have to make its custody determination on the basis of a mathematical calculation of the factors, and it is permitted to assign differing weights to the factors. *Berger*, 277 Mich App at 712. And this Court has specifically ruled that it is "unwilling to conclude that mathematical equality on the statutory factors *necessarily* amounts to an evidentiary standoff that precludes a party from satisfying the clear and convincing standard of proof." *Heid*, 209 Mich App at 594. Here, the parties were equal on all factors, except for one that favored defendant, but the trial court found it to be a very important factor in the context of this case and that joint physical custody was necessary in order to protect defendant's relationship with his daughter, which relationship was not being fostered or facilitated by plaintiff and was in fact being undermined by her. There was also no evidence showing that defendant was attempting to sabotage plaintiff's relationship with the child. We conclude that the trial court did not err in ruling that there was clear and convincing evidence supporting a modification of custody.

The Legislature has expressed that "[i]t is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents." MCL 722.27a(1). In *McRoberts v Ferguson*, 322 Mich App 125, 140-141; 910 NW2d 721 (2017), this Court recently stated and ruled:

> Additionally, the court plainly placed great weight on Factor (j), which was within its discretion. . . . It can be inferred from the court's analysis that it doubted whether the child would be able to have a strong relationship with defendant if plaintiff retained sole physical custody. Indeed, plaintiff's repeated acts of contempt relative to parenting time were troubling and reflected an inability by plaintiff to facilitate and encourage a close and continuing parent-

child relationship between defendant and his daughter. Conversely, there was no evidence suggesting that defendant had interfered with the relationship between plaintiff and the child. The trial court's custody decision did not constitute an abuse of discretion. [Citation omitted.]

Under somewhat similar circumstances, we likewise hold that the trial court did not abuse its discretion in ordering joint physical custody of the parties' minor child.

Affirmed. Having fully prevailed on appeal, defendant is awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Elizabeth L. Gleicher
/s/ Anica Letica