# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 13, 2011

141933

GRECIA T. DAVENPORT, f/k/a GRECIA
T. MOSHOLDER,
              Plaintiff-Appellant,

v

DENNIS M. MOSHOLDER, JR.,
              Defendant-Appellee.

SC: 141933
COA: 295852
Ingham CC: 06-001439-DM

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Maura D. Corrigan
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly,
Justices

_____/

        On order of the Court, the application for leave to appeal the September 9, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

        MARILYN KELLY, J. (*dissenting*).

        I would grant plaintiff's application for leave to appeal.  This case involves a jurisprudentially significant legal question that recurs often, thus warranting the Court's consideration.  Accordingly, I dissent from the order denying leave to appeal.

## FACTS AND PROCEEDINGS

        The parties to this case were married in 2001 and had a son (M) in 2002.  In 2006, they divorced.  The divorce judgment awarded them joint physical and joint legal custody of M.  M generally spent approximately 225 overnights with plaintiff-mother and 140 with defendant-father.

        In August 2008, plaintiff sought sole physical and legal custody of M.  The trial court denied that request.  About five weeks later, plaintiff filed a petition to change M's legal residence to Georgia where she planned to move with him.  Defendant objected to the move.  A conciliator met with the parties in April 2009 and recommended that the court deny the petition.  Plaintiff objected to several of the conciliator's findings, which led to an evidentiary hearing before a referee in August and September 2009.  In October 2009, the referee issued a recommendation that the court deny plaintiff's petition.  The

referee also determined that an established custodial environment existed with both parties and that the move would change M's custodial environment with his father. Finally, the referee found that plaintiff had failed to show by clear and convincing evidence that it was in M's best interests to change his established custodial environment.

The trial court conducted a hearing, after which she issued an opinion and order granting plaintiff's motion to change M's domicile. The court weighed three of the five factors in MCL 722.31, finding two inapplicable. It determined that plaintiff had shown by a preponderance of the evidence that the change of legal residence should be granted. The court also concluded that the move would not alter M's established custodial environment, so it was unnecessary to make a best interests determination. The trial court based its conclusion on the facts that, (1) once M was in Georgia, defendant would have the opportunity to exercise 138 overnights with M, which is nearly the same number as before the move, and (2) M would have open access to both parents and both parents would have open access to him, and they would provide him with continued security and stability.

Defendant appealed to the Court of Appeals, which reversed the trial court's decision. The majority, as well as concurring/dissenting Judge Zahra, agreed that the trial court erred in finding that the move from Michigan to Georgia would not change M's established custodial environment. All three judges concluded that the move "would disrupt the child's ready access to his father and impair the child's ability to receive guidance, structure, and comfort from his father."[1] This was true notwithstanding the fact that defendant's parenting time would remain roughly the same and that M would have the ability to communicate with defendant using a webcam.

Therefore, the majority remanded for a reevaluation of plaintiff's petition under the clear and convincing evidence standard. Judge Zahra wrote separately to state that he would reverse and remand with instructions that the petition to change M's legal residence be denied. Plaintiff filed an application for leave to appeal in this Court.

## MODIFYING AN ESTABLISHED CUSTODIAL ENVIRONMENT

Plaintiff challenges the Court of Appeals conclusion that the proposed move would alter M's established custodial environment with his father. MCL 722.27(1)(c) states that an "established custodial environment" exists "if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." The statute further directs that "[t]he age of the child, the physical environment, and the inclination of the custodian and the child as to

---

[1] *Davenport v Mosholder*, unpublished opinion per curiam of the Court of Appeals, issued September 9, 2010 (Docket No. 295852), slip op at 4.

permanency of the relationship shall also be considered." Finally, the statute mandates that a court "shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child."

### WHAT IS THE PROPER ANALYSIS FOR APPLYING MCL 722.27(1)(c)?

This case offers the Court an opportunity to clarify when an established custodial environment is modified. The legal and practical implications of the issue are substantial. When the grant of a petition would modify a child's established custodial environment, the petitioner must meet the demanding "clear and convincing" evidentiary standard in MCL 722.27(1)(c). If the grant would not change an established custodial environment, the burden of proof needed is considerably lighter.[2]

This case raises several important subsidiary questions related to the issue. First, under what circumstances does a long-distance move not modify a child's established custodial environment with a non-moving parent? Here, the trial court apparently gave great weight to the fact that the amount of time M would have access to his father would not be significantly changed by the proposed move. The Court of Appeals noted that the move would change the quality of the time and interaction M would have with his father. Moreover, its holding suggests that the relocation itself may change the established custodial environment, regardless of whether the amount of parenting time changes. This proposition is arguably more faithful to the statutory language. Nothing in MCL 722.27(1)(c) explicitly references parenting time as the primary, or even a relevant, consideration in assessing whether an established custodial environment exists.[3] But a child's "physical environment" is an enumerated consideration.

Secondly, the contemporary widespread availability of technological devices allowing instantaneous communication, such as a webcam, gives rise to another interesting question that warrants this Court's consideration. Live communication technology is becoming increasingly prolific in our everyday lives. Yet, can such contact substitute for face-to-face interaction between parents and children? Was the Court of Appeals majority correct to conclude that, notwithstanding the use of a webcam,

---

[2] The parent seeking the move must merely meet a preponderance of the evidence standard.

[3] See also *Pierron v Pierron*, 486 Mich 81, 86 (2010), citing *Brown v Loveman*, 260 Mich App 576, 595-596 ("If the required parenting time adjustments will not change whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort, then the established custodial environment will not have changed.").

it would not be possible for the established custodial environment to remain unmodified after M moved from Michigan to Georgia?

Because this case involves several questions of legal significance for parents and children that this Court should address, I would grant leave to appeal.

MARY BETH KELLY, J., not participating.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2011

_____
Clerk

y0112