*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASON PURKEY,

      Plaintiff-Appellee,

UNPUBLISHED
May 26, 2022

v

No. 358704
Washtenaw Circuit Court
Family Division

RUBILYN PRANGE,

      Defendant-Appellant.

LC No. 19-001570-DC

Before: GADOLA, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant-mother appeals the trial court's order granting sole legal and physical custody of the minor child to plaintiff-father. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties have one minor child, a son JJP, born in 2018. The parties have never been married. In July 2019, plaintiff filed a complaint seeking joint legal and physical custody of the child because his relationship with defendant had deteriorated. The parties later consented to the entry of a judgment regarding joint legal and physical custody, parenting time, and child support.[1] From 2019 through 2021, the parties sought court intervention over various issues. In 2021 plaintiff moved for sole custody and on September 9, 2021, the trial court held an evidentiary hearing. The trial court examined both plaintiff and defendant in relation to the best-interest factors. On each factor, the trial court examined the parties in turn and the trial court allowed for cross-examination. Defendant's husband also testified. After receiving testimony on the applicable best-interest factors, the trial court made its findings. The next day, the trial court entered a written order that, among other things, granted plaintiff sole legal and physical custody

---

[1] The record indicates that plaintiff resides in Michigan and defendant resides in Florida.

of the child. The trial court granted defendant continued parenting time via video or telephone. Defendant now appeals.

## II. STANDARD OF REVIEW

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. [MCL 722.28; see also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010).]

A trial court's finding is against the great weight of the evidence when it is so contrary to the weight of the evidence that it is unwarranted or is so plainly a miscarriage of justice that it would warrant a new trial. *Fletcher v Fletcher*, 447 Mich 871, 877-878; 526 NW2d 889 (1994).

## III. ANALYSIS

Defendant argues that the trial court violated her due-process rights and interfered with her parental interest by separating her from the child without holding a hearing. She further contends that the trial court had to determine her fitness as a parent before it entered its order. We disagree.

Defendant correctly states that parents have a fundamental liberty interest in the care, custody, and control of their children. *Troxel v Granville*, 530 US 57, 66; 120 S Ct 2054; 147 L Ed 2d 49, 57 (2000). Defendant, however, does not challenge the trial court's findings made pursuant to MCL 722.23 regarding the best-interest factors applicable to custody decisions. Instead, she appears to argue that the trial court ordered a change in custody without affording her a hearing.

The record establishes quite the contrary. The trial court conducted a full evidentiary hearing on September 9, 2021, at which it took testimony from the parties pertaining to the custodial best-interest factors. The court also allowed for cross-examination of the witnesses. After questioning each of the parties extensively on the applicable best-interest factors, the trial court made its findings and articulated them to the parties.

The trial court's findings were well supported by evidence in the record. The record indicates that the trial court afforded defendant procedural and substantive due process. Accordingly, defendant is not entitled to appellate relief.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ James Robert Redford

-2-