*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBECCA MAE CROWE,

        Plaintiff-Appellant,

v

SILVIO MASAO KUSAKAWA,

        Defendant-Appellee.

UNPUBLISHED
May 30, 2024

No. 367823
Crawford Circuit Court
Family Division
LC No. 2022-011084-DM

Before: JANSEN, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's August 2023 judgment of divorce granting sole legal and physical custody of the parties' child to defendant. Plaintiff argues that the referee erred by entering an April 27, 2022 interim order that changed the child's custody without considering the child's established custodial environment and best interests and that the trial court compounded the error by failing to grant her a judicial evidentiary hearing to address the order. Because the trial court erred by entering an interim order that changed the child's custody without a proper determination of whether a change of custody was in the child's best interests, we vacate the parties' August 29, 2023 judgment of divorce to the extent that it determines custody and parenting time and remand for further proceedings on an expedited basis.[1]

## I. FACTUAL BACKGROUND

The parties' child is a Canadian citizen who was born in Canada, where the parties resided during the course of their marriage. When the parties separated in June 2021, defendant agreed in writing that plaintiff and the child could move to Howell, to reside with plaintiff's parents. After plaintiff left Canada, she did not move to Howell. Instead, she moved to Grayling, where she initially lived in a small, crowded house, then moved into an RV on the property with the child

---

[1] Plaintiff argues that the trial court's ultimate findings regarding the best-interest factors were against the great weight of the evidence, but because the law compels that we remand, we do not reach these arguments.

and her boyfriend. Plaintiff and the child lived in the unwinterized RV over the winter. Both defendant and plaintiff's parents were initially unaware of where she had moved, though defendant became aware in October 2021. According to defendant, plaintiff did not allow him phone contact with the child, and when defendant tried to visit the child in November 2021, plaintiff allowed him only a short visit.

After plaintiff filed for divorce, defendant moved for custody and parenting time. While the hearing before the referee was ongoing, the referee found that plaintiff repeatedly violated the court's orders (1) regarding parenting time by denying the child parenting time with her father, and (2) by not moving out of the RV and back into the house after being ordered to do so. And, after subsequent hearings, plaintiff claimed to have a new residence that was later revealed to be a short-term Airbnb rental. The referee also found plaintiff intentionally delayed hearings. Transcripts of the referee's hearings on April 11 and 27, 2022, are not available, but it is undisputed that the referee recommended ordering that the child be immediately returned to defendant's custody in Canada on April 27, 2022, on the basis that plaintiff's actions were directly harming the child. The recommended order did not make findings regarding whether the child had an established custodial environment or whether the move would change that environment. The trial court adopted the referee's order.

Plaintiff sought judicial review of the April 27, 2022 order in part on the basis that the child had been in plaintiff's sole custody since the parties' separation and that there had been no determination of the child's best interests before the order was entered. At the judicial review hearing, the court declined to hold an evidentiary hearing on the basis that the parties were amidst continued evidentiary hearings before the referee, and those hearings would take place sooner than the court could hold one. The court ultimately opined that plaintiff's objections did not warrant reversing the April 27 order.

Following continued evidentiary hearings, the referee ultimately recommended granting sole physical custody to defendant, with plaintiff to have parenting time one weekend a month in Canada and one weekend a month in Michigan. The referee recommended granting joint legal custody. Plaintiff again sought judicial review. Following a bench trial, the court determined that the majority of the best-interest factors favored defendant and the remaining factors were neutral. The court granted defendant sole physical and legal custody.

## II. STANDARD OF REVIEW

Regarding custody determinations, the trial court's decisions must be affirmed unless its factual findings were against the great weight of the evidence, it palpably abused its discretion, or it made a clear legal error on a major issue. MCL 722.28. "A trial court commits legal error when it incorrectly chooses, interprets or applies the law." *Merecki v Merecki*, 336 Mich App 639, 645; 971 NW2d 659 (2021) (quotation marks and citations omitted).

## III. INTERIM CUSTODY ORDER

Plaintiff argues that the referee erred by recommending a change to the child's custody without taking evidence or considering the child's best interests and that the trial court

subsequently erred by adopting these recommendations in the April 27, 2022 temporary order without granting her a full de novo hearing on the issue.

"The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). The purpose of these requirements are to provide the child with a stable environment because "[c]onstant changes in a child's physical custody can wreak havoc on the child's stability, as can other orders that may significantly affect the child's best interests." *Lieberman v Orr*, 319 Mich App 68, 78; 900 NW2d 130 (2017). Accordingly, before making any decision that would change custody of the child, the trial court must determine whether the decision would modify the child's established custodial environment. *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). A court may not enter an ex parte or interim order without first complying with MCL 722.27(1)(c) if such an order would alter the child's established custodial environment. *Daly v Ward*, 501 Mich 897, 898 (2017).

"Whether an established custodial environment exists is a pivotal question, because it determines the applicable standard of proof." *Barretta v Zhitkov*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364921); slip op at 7. A clear legal error exists when the trial court changes a child's physical custody without holding an evidentiary hearing or making factual findings regarding, among other things, the child's established custodial environment. *Id*. at ___; slip op at 5-6.

Specified types of domestic relations actions may be initially heard by a referee. MCR 3.215(B)(1). Following a referee hearing, the referee must make findings and a recommendation for an order. MCR 3.215(E)(1). "The referee must find facts specially and state separately the law the referee applied." MCR 3.215(E)(1)(a). A party may object to the recommended order and obtain a judicial hearing:

> A party may obtain a judicial hearing on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order by filing a written objection and notice of hearing within 21 days after the referee's recommendation for an order is served on the attorneys for the parties, or the parties if they are not represented by counsel. The objection must include a clear and concise statement of the specific findings or application of law to which an objection is made. Objections regarding the accuracy or completeness of the recommendation must state with specificity the inaccuracy or omission. [MCR 3.215(E)(4).]

"The judicial hearing must be held within 21 days after the written objection is filed, unless the time is extended by the court for good cause." MCR 3.215(F)(1). The court may conduct the hearing by reviewing the record of the referee hearing, "but the court must allow the parties to present live evidence at the judicial hearing." MCR 3.215(F)(2).

The existing record consists only of the parties' testimony about what occurred at the April 27 hearing, and the details of the hearing contained in the referee's recommended order. The referee's recommended order recounts the events of the hearing, indicating that plaintiff had stated

-3-

that "she was unable to proceed with the evidentiary hearing today for the reasons she stated on the record." Those reasons included that plaintiff was on a planned trip to a local resort. The referee indicated that she took testimony from both parents and found that plaintiff's actions were harming the child. Plaintiff testified that, at the hearing, she acknowledged that the home she had held out as her residence was a short-term rental. The existing record does not support that the child's custody was changed in absence of a hearing. Rather, it appears from the available record that plaintiff was granted a hearing, initially decided not to appear, then in fact appeared and testified on at least a limited basis.

Nevertheless, plaintiff is correct that the referee did not determine the child's established custodial environment or the proper burden of proof to apply, and that the trial court subsequently denied her the judicial evidentiary hearing to which she was entitled before entering the April 27, 2022 temporary order changing custody.

If a proposed custody modification would change the child's established custodial environment, the moving party must show by clear and convincing evidence that the change is in the child's best interests. *Pierron*, 486 Mich at 92. However, if the proposed modification does not change the child's custodial environment, the moving party must show by a preponderance of the evidence that the change is in the child's best interests. *Id*. at 93. The Supreme Court has "emphasize[d] how critical it is that trial courts fully comply with MCL 722.27(1)(c) before entering an order that alters a child's established custodial environment." *Daly*, 501 Mich at 898. "An order altering a child's established custodial environment has serious consequences for all the parties involved, as it deprives both the child and one parent of precious time together and alters that parent's evidentiary burdens at any *subsequent* custody hearing." *Id*. Such errors have lasting consequences because it is difficult or near impossible to effectively remedy the error on appeal without causing undue harm to the child. *Id*. See also *O'Brien v D'Annunzio*, 507 Mich 976, 977 (2021).

Here, the referee's recommendations were entirely devoid of any determination regarding the child's established custodial environment or statement of the law that the referee applied, including any applicable burden of proof the referee considered before changing the child's custody. The trial court ordered that the referee's recommendation become the order of the court without elaboration. Although the referee ultimately found that the child had an established custodial environment with both parents following the continued evidentiary hearings and stated the correct burden of proof, that does not negate that the child's custody was changed on an interim basis without a proper custody determination. This, the Supreme Court has repeatedly emphasized, is reversible error. *Id*.

Further, the trial court erred by denying plaintiff a judicial evidentiary hearing regarding her objections. Again:

> A party may obtain a judicial hearing on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order by filing a written objection and notice of hearing within 21 days after the referee's recommendation for an order is served on the attorneys for the parties, or the parties if they are not represented by counsel. The objection must include a clear and concise statement of the specific findings or application of law to which

an objection is made. Objections regarding the accuracy or completeness of the recommendation must state with specificity the inaccuracy or omission. [MCR 3.215(E)(4).]

Although at the de novo hearing plaintiff's argument focused on the factual findings of the referee, in her written objections plaintiff stated the child had been in plaintiff's custody since the parties separated, that she should remain in plaintiff's custody for the sake of consistency, and that the referee had not conducted a best-interests analysis or considered by clear and convincing evidence whether the child should be denied time with plaintiff. Accordingly, plaintiff had objected that the referee erred by recommending a change to the child's custody without making necessary findings and determinations.

Rather than granting plaintiff an evidentiary hearing, the trial court opined that plaintiff would receive the relief she had requested (an evidentiary hearing) because there were ongoing custody proceedings before the referee. Though a practical solution to the issue, further evidentiary hearings before the referee were not the judicial hearing to which plaintiff was entitled under MCR 3.215(E)(4). A proper hearing could have corrected the errors that plaintiff raised, one of which was that the child's custody had been changed without a determination of the established custodial environment and applicable burden of proof. Instead, that error was left uncorrected for a year while the proceedings continued.

These errors are not harmless. As noted, a trial court errs by modifying a child's established custodial environment in a temporary order without first conducting an evidentiary hearing. *O'Brien*, 507 Mich at 976. It is impossible to effectively remedy an error in entering a temporary order when significant time has passed before a final order is entered after a proper evidentiary hearing at trial. See *id*. When a court's "final opinion and order relied on events that occurred in a custodial environment that was erroneously altered . . . we cannot conclude that the error was harmless." *Id*. Consistent with *O'Brien*, we must vacate the parties' judgment of divorce to the extent that it concerns custody and parenting time.

## IV. CONCLUSION

We vacate the parties' August 29, 2023 judgment of divorce to the extent that it determines custody and parenting time. On remand, the trial court shall conduct a hearing on an expedited basis to determine how the case should proceed. See *O'Brien*, 507 Mich at 976.

Vacated and remanded. We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

-5-

# Court of Appeals, State of Michigan

# ORDER

REBECCA MAE CROWE V SILVIO MASAO KUSAKAWA

Docket No.   367823

LC No.        2022-011084-DM

Kathleen Jansen
Presiding Judge

Christopher M. Murray

Colleen A. O'Brien
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 28 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded.

As stated in the accompanying opinion, because the trial court erred by entering an interim order that changed the child's custody without a proper determination of whether a change of custody was in the child's best interest, and further that the trial court failed to make findings on whether or not there was an established custodial environment, we vacate the parties' August 29, 2023 judgment of divorce to the extent that it determines custody and parenting time. On remand, the trial court shall conduct a hearing on an expedited basis to determine how the case should proceed. See *O'Brien v D'Annunzio*, 507 Mich 976, 977; 959 NW2d 713 (2021). The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

The parties may move for leave to file supplemental briefs after the proceedings on remand conclude.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_____
May 30, 2024
Date

_____
Chief Clerk