*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEMETRIA TREMAINE AKINS,

        Plaintiff-Appellant,

v

ANTHONY AKINS, JR.,

        Defendant-Appellee.

UNPUBLISHED
January 15, 2025
2:47 PM

No. 370220
Wayne Circuit Court
LC No. 23-104260-DM

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

In this child custody action, plaintiff appeals as of right a judgment of divorce (JOD) to the extent that the JOD modified the parenting-time schedule of the parties' minor child, MMA. Because the trial court failed to follow the statutorily-mandated procedure for modifying orders governed by the Child Custody Act, MCL 722.21 *et seq.*, we vacate the JOD and remand to the trial court for further proceedings.

## I. BACKGROUND

Plaintiff and defendant were married in February 2018 and separated in May 2019. In March 2021, a judgment of support (JOS) was entered, which granted sole physical custody of MMA to plaintiff, awarded joint legal custody to both parties, and set forth a parenting-time schedule. In March 2023, plaintiff requested and was granted a personal protection order (PPO) against defendant. The PPO prohibited defendant from contacting plaintiff, and was to remain in effect until March 2024. After the PPO was entered, plaintiff did not allow defendant to see MMA.

In April 2023, plaintiff filed her complaint for divorce. In August 2023, defendant was found guilty of violating the PPO, sentenced to 30 days in jail, and ordered to complete anger management.

In February 2024, the trial court held a joint PPO violation and divorce hearing. Plaintiff alleged that defendant violated the PPO again by contacting her via text message, calling her cellphone, and leaving voicemails, and she asked that defendant be sentenced to jail for his continued disregard of the PPO. Defendant objected, arguing that he should not be incarcerated

-1-

because the strictly-verbal contact was "related to the fact that [defendant had] been unable to visit his child" since the PPO took effect. Defendant requested that the court modify the PPO to allow him to see MMA. The trial court agreed with plaintiff that defendant violated the PPO, but it also recognized that the issue was complicated because of the interplay between the PPO and divorce proceedings. The trial court then abruptly ended the hearing, saying that it wished to speak to the parties in chambers. The trial court never went back on the record to explain what transpired in chambers, or to place any proofs or rulings on the record.

In March 2024, the trial court entered the JOD, which granted joint legal custody to plaintiff and defendant, awarded sole physical custody to plaintiff, and set forth a parenting-time schedule that differed from the parenting-time schedule established by the JOS. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, plaintiff argues that the trial court failed to apply the proper legal framework for ordering a change in parenting time. This presents a question of law, which is reviewed for clear legal error. See *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019). See also MCL 722.28 (stating that a lower court order in a custody dispute "shall be affirmed on appeal unless" the trial court committed "a clear legal error"). "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Pennington*, 329 Mich App at 570 (quotation marks and citation omitted).

## III. ANALYSIS

MCL 722.27(1)(c) provides that a trial court cannot modify or amend a previous order in a child custody dispute—including a parenting-time order—without a showing of proper cause or change of circumstances. See *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017).[1] Even then, modification of a prior judgment "is only permissible when it is in the minor child's best interests." *Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010), citing MCL 722.27(1)(c). The standard of proof for establishing whether modifying a prior order is in the child's best interests depends on whether the proposed change would alter the child's established custodial environment.[2] If the change would alter the child's established custodial environment, then the moving party must show by clear and convincing evidence that the change is in the child's

---

[1] What constitutes "proper cause" or "change of circumstances" differs depending on whether a party is requesting a change in custody or a change in parenting time. See *Kaeb v Kaeb*, 309 Mich App 556, 567-568; 873 NW2d 319 (2015). A court is not bound by how a party labels its request, however, meaning that a party requesting a "change in parenting time" could actually be requesting a change in custody. See, e.g., *Lieberman*, 319 Mich App at 85-86.

[2] This necessarily means that a trial court must first determine whether an established custodial environment exists and with whom. See *Foskett v Foskett*, 247 Mich App 1, 6-7; 634 NW2d 363 (2001). "The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c).

best interests. *Pierron v Pierron*, 486 Mich 81, 92; 782 NW2d 480 (2010). If the change would not alter the child's established custodial environment, then the moving party need only establish by a preponderance of the evidence that the change is in the child's best interests. *Id.* at 93.

As plaintiff correctly notes, the trial court here failed to find proper cause or a change of circumstances to justify the court's modification of the parties' existing parenting-time order. The court additionally failed to determine whether the modification of the parties' existing parenting-time order was in MMA's best interests or whether the change in parenting time altered MMA's established custodial environment. All of these failures constitute clear legal errors requiring this Court to vacate the JOD. On remand, the trial court is instructed to comply with the statutorily-mandated procedure for modifying custody orders, which includes taking evidence and making all of the necessary findings on the record.[3]

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett

---

[3] On remand, "the court must consider all relevant, up-to-date information." *Griffin v Griffin (Amended Opinion)*, 323 Mich App 110, 124-125 n 10; 916 NW2d 292 (2018).